UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HUEY PETERSON BROWN,<br><br>  Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>  Defendant. | Case No.: 2:21-cv-00091-NJK<br><br>**ORDER**<br><br>[Docket No. 33] |

Pending before the Court is Plaintiff's unopposed motion for attorneys' fees and expenses. Docket No. 33. The Commissioner did not file a response in opposition. The request is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the request is **GRANTED** in part and **DENIED** in part.

**I.   BACKGROUND**

This is an action for judicial review of the denial of social security benefits. On July 12, 2021, the Court issued an order granting the parties' joint stipulation for voluntary remand for further administrative action pursuant to the Social Security Act § 205(g), as amended, 42 U.S.C. § 405(g). Docket No. 25 at 1-2. The Court further entered final judgment in favor of Plaintiff. Docket No. 26. On September 29, 2021, the Court denied without prejudice a previous motion for fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). Docket No 29. In particular, the Court found that no showing had been made as to the appropriateness of the time expended or the fees sought. *Id.*

On October 28, 2021, Plaintiff filed the instant motion for an award of $7,750 in attorneys' fees and costs pursuant to the EAJA. Docket No. 33. Plaintiff accompanied this filing with a

1

supporting memorandum and documentation. *Id.* Plaintiff seeks an award of $7,500 in attorneys' fees and $250 in costs. *Id.* at 5.

## II.   LEGAL STANDARD

The Court has an independent obligation for judicial review of the reasonableness of the amount of fees sought under the EAJA regardless of whether the request is opposed. *Douzat v. Saul*, 2020 WL 3408706, at *1 (D. Nev. June 11, 2020); *see also Lucas v. White*, 63 F. Supp. 2d 1046, 1060 (N.D. Cal. 1999); *Antunez v. Comm'r of Soc. Sec. Admin.*, 2017 WL 4075830, at *2 (D. Ariz. Sept. 13, 2017). This obligation is consistent with Ninth Circuit precedent outside the EAJA context that similarly highlights the Court's duty to review the reasonableness of a fee request. *See Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992) (in addressing request for fees under 42 U.S.C. § 1988, indicating that "the district court is required to independently review [a] fee request even absent . . . objections"); *see also Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012) (case law interpreting § 1988 applies equally to the task of determining a reasonable fee under the EAJA). This obligation is also highlighted by the Court's Local Rules. *See* Local Rule 7-2(d) (an unopposed motion may be summarily granted except, *inter alia*, a motion for attorneys' fees); Local Rule 54-14(d) ("If no opposition is filed, the court may grant the motion [for attorneys' fees] after independent review of the record").

Fees awarded pursuant to the EAJA are calculated pursuant to the lodestar method. *Costa*, 690 F.3d at 1135. Under the lodestar method, the Court determines a fee award by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar figure is presumptively reasonable. *Cunningham v. Cty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988). Courts have "substantial discretion in fixing the amount of an EAJA award." *I.N.S. v. Jean*, 496 U.S. 154, 163 (1990).[1]

. . . .

. . . .

---

[1] Adjustments to the lodestar are proper in only "rare and exceptional cases." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). *See also* ). The Court finds that a departure from the lodestar is not warranted in this case.

## III. DISCUSSION

### A. JUDICIAL REVIEW

Plaintiff submits that the Court should ignore its obligation to rigorously examine the reasonableness of the requested fees in favor of allowing a settlement regarding the amount of owed attorneys' fees. *See* Docket No. 33 at 4. In effect, Plaintiff asks the Court to approve his fee request without reviewing the factual premises upon which the fee request relies, including the hours claimed to be expended and the hourly rate purported to be reasonable. *See id.* To do so, however, would nullify the Court's independent legal obligation to review the reasonableness of the requested fees. Thus, the Court will assess the reasonableness of the instant request for attorneys' fees by reviewing the hours claimed to be expended and the hourly rate purported to be reasonable.

### B. TIME SPENT

The touchstone in determining the hours for which attorneys' fees should be calculated is whether the expenditure of time was reasonable. *See, e.g., Marrocco v. Hill*, 291 F.R.D. 586, 588 (D. Nev. 2013). The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination . . . regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010). The reasonableness of hours expended depends on the specific circumstances of each case. *Camacho v. Bridgeport Fin'l, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

Plaintiff seeks to recover 37.6 hours of attorney time spend on this case. Docket Nos. 33 at 3, 33-1 at 2-3. Plaintiff submits that one attorney worked on this matter: Mr. Ashish A. Agrawal, Esq.. Docket No 33-1 at 1. Plaintiff submits that, because counsel did not represent Plaintiff in the administrative level proceedings, significant time was required to conduct record review. Docket No. 33 at 2-3. Further, Plaintiff submits that the Commissioner's position required additional time and research for litigation. *Id.* at 3. The Court finds that the reported hours are reasonable, and will therefore include 37.6 hours of attorney time in the lodestar calculation.

. . . .

. . . .

3

## C.  HOURLY RATE

Under the EAJA, reasonable attorneys' fees "shall be based upon prevailing market rates of the kind and quality of the services furnished, . . . and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A); *see also Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005).  A cost-of-living adjustment is not automatic. *McNulty v. Sullivan*, 886 F.2d 1074, 1074 (8th Cir. 1989).  Whether to adjust the hourly rate to compensate for inflation is a matter entrusted to the Court's discretion. *Sorenson v. Mink*, 239 F.3d 1140, 1148–49 (9th Cir. 2001) ("District courts *may* adjust that fee to compensate for an increase in the cost of living") (emphasis added); *see also Jawad v. Barnhart*, 370 F. Supp. 2d 1077, 1080 (S.D. Cal. 2005). The movant bears the burden of establishing a sufficient basis for such an enhancement. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). Even when a showing has been made for enhanced rates under the EAJA, the movant must also show that those rates are in line with the prevailing rates in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Nadarajah*, 569 F.3d at 916; *see also Bryant*, 578 F.3d at 450.

Plaintiff seeks an hourly attorney rate of $207.00.  Docket No. 33 at 2.  Plaintiff fails to include any information showing that such a rate is in line with the prevailing rates in the community for similar services by lawyers of comparable skill, experience, and reputation. Plaintiff's only showing in support of such a rate being proper is based on an increase in the cost of living, supported by a citation to the Consumer Price index and the fact that counsel would typically charge an hourly rate of $325.00 for legal representation. *Id.* at 2-3, 8.  However mere reference to the consumer law survey is not grounds to award the rate sought.  *See, e.g., Rosemary C. v. Berryhill*, 2018 WL 6634348, at *5 (D. Me. Dec. 19, 2018) (discounting value of consumer law survey given that it does not specify that it includes data for legal professionals working in the social security field).  Absent any additional reason as to why such an increase is proper, the Court finds that Plaintiff fails to provide sufficient information permitting the Court to exercise its

discretion to increase the attorney hourly rate provided for in the EAJA. Therefore, the Court will calculate the attorneys' fees at the $125 statutory cap.

### D. LODESTAR CALCULATION

In light of the above, the Court will award attorneys' fees in the amount of 37.6 hours of attorney time at the hourly rate of $125 plus $250.00 of costs. Accordingly, attorneys' fees and costs will be awarded in the amount of $4,950.

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's request for fees and expenses, Docket No. 33, is hereby **GRANTED** in part and **DENIED** in part. Attorneys' fees and costs will be awarded in the amount of $4,950. These fees awarded under the EAJA must offset any later attorneys' fees awarded under 42 U.S.C. § 406(b), if such an award is made.

IT IS SO ORDERED.

Dated: November 8, 2021

_____
Nancy J. Koppe
United States Magistrate Judge